JOHN GRISSOM *v.* THE STATE.

MURDER. *Partial insanity. Test of sufficiency thereof as a defense. Malice. Instruction.*

In the trial of an indictment for murder it is error for the court to instruct the jury that if the accused killed the deceased with malice and not in self-defense, he is guilty of murder, though he may have been at the time of the killing laboring under a partial insanity which rendered him incapable of understanding the nature and consequences of his act or of knowing that it was wrong. Because (1) the law recognizes no distinction between total and partial insanity, if the effect be to deprive the sufferer of his capacity to know right from wrong, such capacity being the test of responsibility for deeds of violence; and (2) there can be no malice in the commission of an act by one whose mind is incapable of distinguishing between right and wrong.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

John Grissom, who was convicted of murder and sentenced to be hanged, upon a state of facts sufficiently indicated in the opinion of the court, appealed from the judgment against him, and assigned for error, among other grounds, the giving of the second and sixth instructions for the State, which are in the following language :

2. " If the act producing death be such as·is ordinarily attended with dangerous consequences, as by the use of a deadly weapon, or be committed deliberately, malice will be presumed until some sufficient cause of provocation can be shown ; for the law infers that the natural or probable effects of any act deliberately done were intended by the agent."

6. " If the jury believe from the evidence that the accused killed the deceased with malice, and not in necessary self-defense, he is guilty of murder, notwithstanding they may believe he was at the time of committing the deed laboring under partial insanity, whether he was or not from such insanity incapable of understanding the nature and consequences of his act, and of knowing it was wrong, and he would be punishable for it."

*Grace & Woods*, for the appellant.

The sixth instruction is in direct conflict with the law as we

understand it. It lays down the rule that if malice exists partial insanity is no defense, although the party may be incapable of distinguishing right from wrong at the time. *Cunningham's Case,* 56 Miss. 269.

*Whitaker & Bell,* on the same side.

A man is not liable to be punished for any crime perpetrated under the influence of insanity which is habitual and fixed, though caused by habitual intoxication originally contracted by his own act. 1 Hale 32 ; Whar. Crim. Law, § 32 *et seq.*

In view of the testimony and errors assigned, the verdict was manifestly wrong.

From the testimony of a large number of reputable citizens of the county who had known the defendant ranging from ten to twelve years that the defendant was insane at times, and the testimony of his wife and Mr. John Brown that the defendant had one of his " crazy spells " the day of the killing, and the testimony of Beason, one of the State's witnesses, it does seem the proof was wholly insufficient to authorize the verdict given.

*J. L. Harris,* for the State.

There is nothing in the facts of the case to warrant a reversal if the instructions are correct, and to these I invite the attention of the court.

The first four instructions for the State define the crime of murder as the unlawful killing of a human being with malice aforethought, which may be express or implied from the use of a deadly weapon in the absence of evidence showing to the contrary. These instructions are drawn from the law as declared in *Hawthorne* v. *The State,* 58 Miss. 778.

The sixth, seventh, eighth, ninth, and tenth instructions for the State declare the law of insanity to be that, to excuse the defendant, it must be shown to the satisfaction of the jury that at the time of the homicide he was laboring under such a defect of reason from disease of the mind, not the immediate result of excessive use of intoxicants, as not to know the nature and quality of his acts, or, if he did understand them, not to know that he was doing what was wrong. This is the law as repeatedly declared by this court. *Kelly*

& *Little's Case*, 3 S. & M. 578; *Bovard's Case*, 1 Geo. 600; *Cunningham's Case*, 56 Miss. 269.

CHALMERS, J., delivered the opinion of the court.

John Grissom was indicted for the murder of Frank Waters, and upon proof of the fact of shooting, under circumstances of peculiar atrocity, was convicted and sentenced to be hanged. The crime was without alleviation or excuse, and, admitting the facts, the defense was rested solely upon the ground of insanity. Proof was introduced in support of this defense which required that the jury should have considered it unembarrassed by erroneous instructions. If the instructions had been correct we should not feel inclined to reverse the verdict, whatever might have been our own views as to the finding. The killing was with a deadly weapon, and by the second instruction for the State the jury were informed that from this fact alone the law implied malice; and then by the sixth instruction for the State the jury were told " that if they believed from the evidence that the accused killed the deceased with malice, and not in necessary self-defense, he is guilty of murder, notwithstanding they may believe he was, at the time of committing the deed, laboring under partial insanity, whether he was or not, from such insanity, incapable of understanding the nature and consequence of his act and of knowing it was wrong, and he would be punishable for it."

In other words, the jury are first told that the law implied malice from the use of a deadly weapon, which it is admitted was used here, and then informed that if the act was malicious it was punishable as such, though committed at a time when the prisoner was incapable from partial insanity of distinguishing between right and wrong. The test with us in this class of cases is the capacity to distinguish between right and wrong, and we know no difference in this regard between total and partial insanity. If the disease goes to the extent of breaking down the distinction between a knowledge of right and wrong, it is immaterial whether the sufferer be totally or only partially insane on other subjects. Irreconcilable conflict in the language of the instruction is created by the insertion of the

words, "if the accused killed the deceased with malice." There can be no such thing as malice without mental accountability, and this cannot co-exist with an incapacity from mental disease to distinguish between right and wrong.

*The instruction is fatally erroneous. The judgment must be reversed and a new trial awarded.*